ANDREW M. MORSE (4498)
SCOTT YOUNG (10695)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145-5000
Telephone: (801) 521-9000
Facsimile: (801) 363-0400
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| ROBERT WHITTLE and ANNIE ESPOSITO, personal representatives of JASON WHITTLE, and on behalf of the estate of JASON WHITTLE, | **DEFENDANTS' ANSWER AND JURY DEMAND** |
| Plaintiffs, | Case No. 2:20CV728 |
| vs. | Judge Howard Nielsen |
| DARRELL BROADHEAD, JASON ADAMSON, ROSIE RIVERA, UNIFIED POLICE DEPARTMENT OF GREATER SALT LAKE, AND JOHN AND JANE DOES 1-10 | |
| Defendant. | |

Defendants Darrell Broadhead, Jason Adamson, Rosie Rivera, and the Unified Police Department of Greater Salt Lake ("UPD") (collectively "Defendants") answer Plaintiffs' Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

1

## SECOND DEFENSE

Defendants admit and deny the allegations in Plaintiff's Complaint as follows:

1.  Admit the allegation in the Preliminary Statement that certain rights are guaranteed by the United States Constitution and the Utah Constitution, that Jason Whittle's mother, Annie Esposito, called 911 and requested immediate police help because her son was threatening her life, and that Officer Broadbent shot and killed Jason Whittle in response to that threat. Deny all other allegations in Plaintiff's Preliminary Statement.

2.  Deny the allegations in Paragraph 1-3 for lack of information or belief.

3.  Admit the allegation in Paragraph 4 that Officer Broadhead was a police officer with UPD. Deny all other allegations in this paragraph.

4.  Admit the allegation in Paragraph 5 that Chief Adamson was the Riverton precinct chief. Deny all other allegations in this paragraph.

5.  Deny the allegations in Paragraph 6.

6.  Admit the allegation in Paragraph 7 that Sheriff Rivera is the Salt Lake County Sheriff. Deny all other allegations in this paragraph.

7.  Deny the allegations in Paragraph 8.

8.  Admit the allegations in Paragraphs 9-10.

9.  Deny the allegations in Paragraphs 11-20.

10. Admit the allegations in Paragraphs 21-26 that Ms. Esposito called 911 and asked for police assistance with her son, Jason, who was threatening to kill her. Deny all other allegations in these paragraphs.

11. Admit the allegations in Paragraph 27.

12. Deny the allegations in Paragraph 28 for lack of information or belief.

13. Deny the allegations in Paragraph 29.

14. Admit the allegation in Paragraph 30 that Mr. Whittle grabbed his mother. Deny all other allegations in this paragraph.

15. Admit the allegation in Paragraph 31 that Officer Broadhead pointed his gun at Mr. Whittle, announced that he was a police officer, and ordered Mr. Whittle to drop the knife he was holding to his mother's throat. Deny all other allegations in this paragraph.

16. Admit the allegation in Paragraph 32 that Mr. Whittle held the knife against his mother's throat. Deny all other allegations in this paragraph.

17. Deny the allegations in Paragraph 33.

18. Paragraphs 34-35 are legal conclusions that require no response. To the extent a response is required, Defendants deny these allegations.

19. Deny the allegations in Paragraphs 36-37.

20. Admit the allegation in Paragraph 38 that Officer Broadhead shot and killed Mr. Whittle. Deny all other allegations in this paragraph.

21. Admit the allegation in Paragraph 39 that the knife was found in the immediate vicinity of Mr. Whittle. Deny all other allegations in this paragraph.

22. Deny the allegations in Paragraphs 40-43.

23. Admit the allegations in Paragraph 44.

24. Deny the allegations in Paragraphs 45-49.

25. Admit the allegations in Paragraphs 50-52.

26. Admit the allegation in Paragraph 53 that Officer Broadhead did not have a body-camera. Deny all other allegations in this paragraph.

27. Deny the allegations in Paragraph 54.

28. Admit the allegations in Paragraph 55.

29. Admit the allegation in Paragraph 56 that Mr. Whittle was killed when Officer Broadhead shot him. Deny all other allegations in this paragraph.

30. Deny the allegations in Paragraph 57.

31. Deny the allegations in Paragraph 58 for lack of information or belief.

32. Deny the allegations in Paragraphs 59-66.

33. Paragraph 67 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

34. Admit the allegations in Paragraph 68.

35. Deny the allegations in Paragraph 69.

36. The allegations in Paragraphs 70-72 contain legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny these paragraphs.

37. Deny the allegations in Paragraphs 73-77.

38. Admit the allegation in Paragraph 78 that Officer Broadhead caused Mr. Whittle's death. Deny all other allegations in this paragraph.

39. Deny the allegations in Paragraphs 79-80.

40. Paragraph 81 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

41. Deny the allegations in Paragraphs 82-86.

42. Paragraph 87 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

43. Deny the allegations in Paragraphs 88-98.

44. Deny that Plaintiffs are entitled to the relief requested in his Request for Relief.

45. Deny any and all allegations in Plaintiff's Complaint not expressly admitted herein.

### THIRD DEFENSE

The individual defendants are entitled to qualified immunity because their actions were objectively reasonable and did not violate any of Plaintiffs' clearly established particularized constitutional, statutory, or common law rights or privileges.

### FOURTH DEFENSE

Any act of Defendants was undertaken in good faith, without malice, with probable cause, and was fully justified and reasonable under the circumstances.

### FIFTH DEFENSE

Plaintiffs' damages, if any, were caused by an independent intervening or superseding cause.

### SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrines of laches and/or unclean hands, waiver, estoppel, res judicata, collateral estoppel, claim preclusion, issue preclusion, consent, acquiescence, ratification, and release.

## SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Defendants' actions were not pursuant to any unconstitutional policy, custom, usage, rule or regulation.

## EIGHTH DEFENSE

UPD and any of its supervisors cannot be held liable under 42 U.S.C. § 1983 based on supervisory liability.

## NINTH DEFENSE

UPD is not liable under the doctrine of *respondeat superior* or any other theory of derivative liability.

## TENTH DEFENSE

Any constitutional violation that allegedly occurred was not the result of supervisory or training policy of UPD that was deliberately indifferent to the Constitutional rights of Plaintiffs.

## ELEVENTH DEFENSE

Defendants properly discharged any duties to train and/or supervise.

## TWELFTH DEFENSE

Plaintiffs are barred from recovery to the extent that he has failed to reasonably mitigate his damages.

## THIRTEENTH DEFENSE

Plaintiffs cannot satisfy the standard to recover monetary damages under the Utah Constitution set forth by the Utah Supreme Court in *Spackman ex rel. Spackman v. Bd. of Educ.*, 16 P.3d 533 (Utah 2000).

## FOURTEENTH DEFENSE

Defendants expressly reserve the right to amend their answer to add additional affirmative defenses.

WHEREFORE, having fully responded to the allegations in the Complaint, Defendants request that the Court dismiss Plaintiff's Complaint, that the Plaintiff take nothing thereby, and that the Court orders Plaintiff to pay Defendants' costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

## JURY DEMAND

Defendants respectfully request a jury trial and have submitted the appropriate fee.

DATED this 1st day of February, 2021.

                                          SNOW CHRISTENSEN & MARTINEAU

                                          /s/ Scott Young
                                          Andrew M. Morse
                                          Scott Young
                                          *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 1st day of February, 2021, I electronically filed the foregoing **DEFENDANTS' ANSWER AND JURY DEMAND** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record, as follows:

>Robert B. Sykes
>C. Peter Sorenson
>SYKES MCALLISTER LAW OFFICES, PLLC
>311 S. State Street, Suite 240
>SLC, UT 84111
>*Attorney for Plaintiff*

          /s/ Melissa Hurst

4840-1880-8196, v. 1